UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

PAUL DOUGLAS SCOLARDI

SIGNATURE DECLARATION

Debtor(s).    Case No. 10-48719

_____PETITION, SCHEDULES & STATEMENTS

_____CHAPTER 13 PLAN

_____SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION

✓ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

✓ MODIFIED CHAPTER 13 PLAN

_____OTHER (Please describe:_____)

I PAUL DOUGLAS SCOLARDI, the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

• The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

• The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

• [Individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

• I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

• [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 3/7/2011

X  /s/ Paul D. Scolardi
Signature of Debtor or Authorized Representative

PAUL DOUGLAS SCOLARDI
Printed Name of Debtor or Authorized Representative

Form ERS 1 (Rev. 10/03)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re  PAUL DOUGLAS SCOLARDI                    Case No.  10-48719

  Debtor.                                         Chapter  13

## AMENDMENT COVER SHEET

The following items have been amended in the above named bankruptcy proceeding (check all applicable boxes)

    ___ Voluntary Petition (Specify reason for amendment) _____
    ___ Summary of Schedules
    ___ Schedule A - Real Property
    ___ Schedule B - Personal Property
    ___ Schedule C - Property Claimed as Exempt
    _X_ Schedule D, E, or F and/or Matrix, and/or List of Creditors or Equity Holders
        _X_ Add/Delete creditor(s), change amount or classification of debt - $26.00 fee required
        ___ Add/change address of already listed creditor - No Fee
    ___ Schedule G - Executory Contracts and Unexpired Leases
    ___ Schedule H - Codebtors
    ___ Schedule I - Current Income of Individual Debtor(s)
    ___ Schedule J - Current Expenditures of Individual Debtor(s)
    ___ Declaration Regarding Schedules
    ___ Statement of Financial Affairs and/or Declaration
    ___ Chapter 7 Individual Debtor's Statement of Intention
    ___ Disclosure of Compensation of Attorney for Debtor
    ___ Statement of Current Monthly Income and Means Test Calculation (Form 22A, 22B or 22C)
    ___ Certification of Credit Counseling
    _X_ Other:  _CHAPTER 13 PLAN_

Amendment of debtor(s) Social Security Number requires the filer to follow the instructions provided by the Office of the U.S. Trustee.

Declaration of Debtor

I (We) declare under penalty of perjury that the information set forth in the amendment(s) attached hereto is (are) true and correct to the best of my (our) information and belief.

Date: 3/7/2011         _____
                        PAUL DOUGLAS SCOLARDI
                        Debtor

Document   Page 1 of 3
Form 3015-1 - Chapter 13 Plan
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

*AMENDED*

CHAPTER 13 PLAN

In Re:

PAUL DOUGLAS SCOLARDI                    Dated: ~~1/22/2010~~ ~~1/14/2011~~ 3/7/2011

DEBTOR

Case No.  10-48719

In a joint case,
debtor means debtors in this plan.

1. DEBTOR'S PAYMENTS TO TRUSTEE --                    6,000.00
a. As of the date of this plan, the debtor has paid the trustee $ ~~0.00~~ 3,000.00

b. After the date of this plan, the debtor will pay the trustee $9,000.00 per Month for
~~60~~ ~~59~~ 58 months,
beginning ~~within 30 days after the order for relief~~ for a total of $ ~~100,000.00~~ 174,000 . The minimum plan length is
FEBRUARY 2011
_____ 36 or ✓ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee: $ ~~0.00~~ 4,400.00 MARCH 20, 2011 AND EVERY 6 mo THEREAFTER

d. The debtor will pay the trustee a total of $ ~~180,000.00~~ 224,000.00 [line 1(a) + line 1(b) + line 1(c)]. DURING PERIOD DAY OF THE PLAN FOR TOTAL OF $ 44,000.00

2. PAYMENTS BY TRUSTEE -- The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10.00% of plan payments, or ~~$22,500.00~~ 22,400.00 [line 1(d) x .10].

3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] -- The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. NONE | | | |
| c. TOTAL | | | |

4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] -- The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. WATERTOWER APTS | APT RENT |

5. CLAIMS NOT IN DEFAULT -- Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. NONE | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beg. in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. NONE | | | | | |
| d. TOTAL | | | | | |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate.

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beg. in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. NONE | | | | | | |
| d. TOTAL | | | | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Month # | Monthly Payment | No. of Payments | Payments on Account of Claim | Adequate Protection (from ¶ 3) | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |
| TOTAL | | | | | | | | | |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beg. in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| JOSEPH A WENTZELL /Attorney Fees | $1,000.00 | $1,000.00 | 1 | 1 | $1,000.00 |
| INTERNAL REVENUE SERVICE /Taxes and Certain Other Debts Owed to Governmental Units | ~~$450,000.0~~ 196,321.56 | ~~$2,666.67~~ PRO-RATA ~~3,327.48~~ | ~~1~~ 2 | 60 59 | ~~$450,000.00~~ 196,321.56 |
| INTERNAL REVENUE SERVICE /Taxes and Certain Other Debts Owed to Governmental Units | ~~$72,057.08~~ | ~~$2,690.38~~ | 60 | 1 | ~~$2,690.38~~ |
| M D R | 312.28 | PRO-RATA | | | 312.12 ~~199,321.56~~ |
| f. TOTAL | | | | | ~~$166,696.90~~ 197,633.84 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:

The trustee will pay the allowed claims of the following creditors. All entries below are estimates.

Document    Page 3 of 3

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| d. NONE | | | | | | |

d. TOTAL

11. TIMELY FILED UNSECURED CREDITORS — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 0.00 ~~4,879.44~~ 3966.16 /[line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00

b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 9 and ¶ 10) are ~~$0.00~~ 40,015.00

c. Total estimated unsecured claims are $ ~~0.00~~ 40,015.00 [line 11(a) + line 11(b)].

12. TARDILY-FILED UNSECURED CREDITORS — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

14. SUMMARY OF PAYMENTS —
Trustee's Fee [Line 2] .................................................. $ ~~23,900.00~~ 22,460.80
Home Mortgage Defaults [Line 6(d)] ................................... $ 0.00
Claims in Default [Line 7(d)] .......................................... $ 0.00
Other Secured Claims [Line 8(d)] ..................................... $ 0.00
Priority Claims [Line 9(f)] ............................................. $ ~~228,097.00~~ ~~197,121.56~~ 197,633.84
Separate Classes [Line 10(c)] ......................................... $ 0.00
Unsecured Creditors [Line 11] ........................................ $ ~~(26,487.00)~~ ~~4,879.44~~ 3966.16
TOTAL [must equal Line 1(d)] ........................................ $ 180,000.00 ~~224,066.80~~

JOSEPH A. WENTZELL
Bar no.: 170616
Address: WENTZELL LAW OFFICE, PLLC
2812 ANTHONY LANE
ST ANTHONY, MN 55418
Telephone No.: 612-436-3292
Fax No.: 612-706-0070
E-mail address: jwentzell@fosterbrever.com

DATED: JAN. 14, 2011

Signed: _Paul D. Scolardi_
PAUL DOUGLAS SCOLARDI
DEBTOR

_Paul D. Scolardi_ 3/7/2011

B6E (Official Form 6E) (4/10) – Cont.

In re PAUL DOUGLAS SCOLARDI      Case No. _10-48719_
                     Debtor    *AMENDED*                 (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority: Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>INTERNAL REVENUE SERVICE<br>WELLS FARGO PLACE<br>30 EAST 7TH ST MAIL STOP 5700<br>ST PAUL MN 55101 | | | 2009 FEDERAL TAXES | | | | 72,997.00 | 72,997.00 | $0.00 |
| ACCOUNT NO.<br>INTERNAL REVENUE SERVICE<br>WELLS FARGO PLACE<br>30 EAST 7TH ST MAIL STOP 5700<br>ST PAUL MN 55101 | | | 2008 FEDERAL TAXES | | | | 160,000.00 | 160,000.00 | $0.00 |
| ACCOUNT NO.<br>MN DEPT OF REVENUE<br>PO BOX 64651<br>ST PAUL MN 55164 0651 | | | | | | | 312.28 | 312.28 | $0.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▸ (Totals of this page)    $ 233,309.28    $ 233,309.28    $ 0.00

Total ▸ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $ 233,309.28

Total ▸ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $ 233,309.28    $ 0.00