UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                      Chapter 13
                                                                                            Bky. No: 10-48719 RJK

Paul Douglas Scolardi,

    Debtor.

---

**RESPONSE TO TRUSTEE'S RESPONSE TO
MOTION FOR ALLOWANCE OF COMPENSATION**

---

To the parties in interest pursuant to Local Rule 9013-3:

1.  Wentzell Law Office, PLLC (the Applicant) submits this Response to the Chapter 13 Trustee's Response to Fee Application By Attorney for Debtor.

2.  The Trustee cites *In re Guitierrez,* 356 B.R. 496, 504 (Bankr. N.D. Cal. 2006) as an early post-BAPCA case that ordered a Chapter 7 attorney, upon motion by the debtor, to disgorge all fees for the attorney's violation of 11 U.S.C. §528(a)(1).

3.  Two more recent cases from the United States District Court in the Eastern District of Michigan discuss the appropriate sanction for a Chapter 13 attorney who violated Section 528(a)(1).

4.  The first case, *In re Humphries,* 453 B.R. 261 (E.D. Mich. 2011), came before the District Court on appeal of the Bankruptcy Court's denial of the fee application of the debtor's attorney. The Chapter 13 trustee objected to the application because the retainer agreement was entered into after the five day period required by Section 528(a)(1). The District Court found that the contract was not void under Section 526(c)(1) because Section 526(c)(1) deals with the contents of the retention agreement. The District Court went on to explain Section 526(c)(2) deals with the conduct of the law firm, including the firm's failure to comply with the five day requirement of Section 528(a)(1), and provides remedies for such noncompliance. The District Court found that the debtor's attorney was entitled

      to reasonable compensation despite his non-compliance with Section 528(a)(1), especially in light of the debtor's satisfaction with the services rendered, and remanded the case for further proceedings. *Id.,* at 269.

5.     The second case, *In re Galloway,* 2011 WL 2148603 (E.D. Mich. 2011) (copy attached), also came before the District Court on appeal from the Bankruptcy Court's denial of a debtor's attorney fee application. The Chapter 13 Trustee objected to the application because the fee agreement was entered into after the five day period required by Section 528(a)(1). The District Court followed the reasoning in *In re Humphries, supra,* and found that the fee agreement was not void and unenforceable under Section 526(c)(1), that the debtor's attorney was entitled to reasonable compensation, and remanded the case to the bankruptcy court for further proceedings.

6.     Section 526(c)(2) does provide a debtor remedies for a law firm's violation of Section 528. A debtor who is dissatisfied with his or her lawyer's conduct may bring a motion to seek the remedies provided by Section 526(c)(2). The debtor in this case, Paul Scolardi, has not expressed any dissatisfaction with the Applicant's conduct and has submitted a declaration in support of Applicant's fee application.

Dated: January 17, 2012                    WENTZELL LAW OFFICE, PLLC

                                                                         /e/
                                       _____
                                     By:    Joseph A. Wentzell   #170616
                                                James W. Moen  #160349
                                                2812 Anthony Lane South, Suite 200
                                                St. Anthony, Minnesota 55418
                                                612.436-3292

                                               ATTORNEY FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Chapter 13
                                                                BKY 10-48719
Paul Douglas Scolardi,

    Debtor.
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

I, Roberta Johnson, employed by Wentzell Law Office, PLLC, declare that on January 18, 2012, I served Debtor's Response to Trustee's Response to Motion for Allowance of Compensation on all filing users and others who have consented to electronic service in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individual(s) listed below, in the manner described:

By first class U.S. mail postage prepaid:

| ECMC | American Student Assistance |
| PO Box 75096 | 100 Cambridge St. Ste 1600 |
| St. Paul, MN 55175 | Boston, MA 02114 |

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: January 18, 2012                    /e/
                                                 _____
                                                 Roberta M. Johnson